**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 25-cv-00906-GPG

IN RE PETITION FOR WRIT OF MANDAMUS OF
PUBLIC BROADCASTING OF COLORADO, INC.,
 d/b/a COLORADO PUBLIC RADIO

**\*\*\*LEVEL 3 RESTRICTED
DOCUMENT\*\*\***

---

## UNITED STATES' RESPONSE TO COURT ORDER

---

Pursuant to the Court's Order (ECF No. 5), the United States of America ("United States" or "Government") hereby responds to the Petition for Writ of Mandamus Compelling Unsealing of Judicial Records in Certain Sealed Warrant Cases or, in the Alternative, Motion to Intervene and Unseal ("Petition") (ECF No. 1) submitted to the Court by Public Broadcasting of Colorado, Inc., d/b/a Colorado Public Radio ("Petitioner").

### BACKGROUND

In the Petition, Petitioner seeks to unseal judicial records relating to various search or arrest warrants that Petitioner believes exist. Specifically, Petitioner requests that the Court unseal records related to any "search and/or arrest warrants executed on or around January 26, 2025, at the 6600 block of Federal Boulevard, Denver, CO 80221; and on or around February 5, 2025, at 1218 Dallas St., Aurora CO 80010, and 840 S. Oneida St., Denver, CO 80224." ECF No. 1 at 1. Petitioner refers to these records as the "Warrant Materials." ECF No. 1-2 at 6.

Petitioner seeks this relief through different procedural vehicles. First, it states that it seeks a writ of mandamus under the Mandamus Act, 28 U.S.C. § 1361, compelling the

Clerk of Court to unseal the records. ECF No. 1 at 2. Second, in the alternative, Petitioner seeks an order permitting it to intervene in multiple judicial proceedings that it believes may relate to these Warrant Materials in order to move to unseal the same records. *See id.* at 2.

The Court ordered the United States to respond to the Petition to inform the Court of: (1) "the identities of the cases the Government understands to be [at issue]" ("Warrant Cases"); (2) "the Government's position as to whether these cases (or any particular materials within these cases) should remain under seal;" and (3) "the Government's position on the Petition more generally." ECF No. 5 at 2.

## LEVEL THREE RESTRICTION

As required by the Court's Order, this response is filed under a Level 3 restriction.[1] *Id.* Specific information about the Warrant Materials and the Warrant Cases should remain sealed unless otherwise determined by the presiding judicial official in the Warrant Cases. Accordingly, sensitive information related to the Warrant Materials and the Warrant Cases (i.e., the Government's response to the first two issues) is attached as **Exhibit A** and should remain restricted.

The United States submits, however, that this response—other than Exhibit A—may be unrestricted. The Government does not object to the public disclosure of its position in this document regarding whether the Petition is an appropriate procedure under the applicable law for Petitioner to seek unsealing of the Warrant Materials.

---

[1] Note that because this is a civil case, the Level 3 restriction will prevent the United States from viewing this once it has been filed.

**ARGUMENT**

The Government's response to the first two issues identified in the Court's Order (ECF No. 5) is attached as Exhibit A, which should be kept restricted. The Government responds in this document to the Court's third question: "the Government's position on the Petition more generally." ECF No. 5 at 2.

I.   **This Petition is not an appropriate vehicle for Petitioner to seek unsealing in various search warrant proceedings.**

Petitioner seeks to unseal the Warrant Materials under the Mandamus Act, 28 U.S.C. § 1361, or, alternatively, to intervene in the Warrant Cases "for the limited purposes of seeking an order unsealing the Warrant Materials." ECF No. 1 at 2. Neither procedural vehicle is appropriate for the relief sought here.

A.  **The Mandamus Act does not provide this Court with jurisdiction over the Petition.**

Petitioner argues that this Court has jurisdiction over this matter based on the Mandamus Act. ECF No. 1-2 at 8. But the Mandamus Act applies only to the Executive Branch, not the Judicial Branch. It thus does not grant the Court jurisdiction here over the Petition.

The Mandamus Act grants district courts jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. This provision grants district courts jurisdiction to review administrative decisions by *executive* officers. *Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 94 (1970) ("The District Court mandamus statute, [section] 1361, extends to 'officers,' 'employees,' and 'agencies' of the United

States; there is no indication that it empowers the District Courts to issue mandamus to other judicial tribunals.") (Harlan, J., concurring). *See also Liberation News Serv. v. Eastland*, 426 F.2d 1379, 1384 (2d Cir. 1970) ("This [legislative] history demonstrates to us that, in enacting §§ 1361 and 1391(e), Congress was thinking solely in terms of the executive branch.").

The Judicial Branch is excluded from the Mandamus Act's purview. *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1246 (10th Cir. 2007) ("The context of the [Mandamus At] argues for, not against, exclusion of the judiciary from its compass"). In *Trackwell*, the Tenth Circuit concluded that the Mandamus Act granted a district court jurisdiction to issue relief to a federal agency or department but not to issue an order to a court clerk directing the clerk to accept an application for relief. *Id.* at 1245-47 (affirming the district court's dismissal of the action for lack of jurisdiction).

Here, Petitioner does not seek relief from "the United States or any agency thereof." Rather, the Petition seeks relief under the Mandamus Act from the Court's clerk, asking for "an order directing the Clerk of the Court to unseal and place on the public docket the Warrant Materials," ECF No. 1-2 at 17, and the Civil Cover Sheet names the "Clerk of Court, U.S. District Court for the District of Colorado" as the respondent, ECF No. 1-1 at 1; *see also* ECF No. 1-6 (Proposed Order directing the Clerk of Court to unseal records). The Clerk of Court, in maintaining court records, is acting as part of the Judicial Branch, not the Executive. *See, e.g.,* Fed. R. Crim. P. 55 (providing in relevant part that the "clerk of the district court must keep records of criminal proceedings"). The Mandamus Act, therefore, cannot be the basis for jurisdiction over this Petition.

4

Finally, to the extent Petitioner may seek to bring this proceeding as a civil action, such an attempt would fail for lack of jurisdiction. Because the Petition fails to name any defendant, Petitioner has not shown sufficient adversity to demonstrate a case or controversy that would give this Court jurisdiction over such an action. *Cf. Reporters Committee for Freedom of the Press*, 94 F.4th 746, 749 (8th Cir. 2024) (affirming a district court's determination that it lacked jurisdiction over an application by a party to the court clerk asking the clerk to unseal court filings from federal criminal investigations, including warrants and related documents; explaining that there was insufficient "adversity" to create a case or controversy).

### B. Based on this Petition, the Court should not grant Petitioner intervention in unrelated warrant proceedings.

Alternatively, Petitioner seeks to "to intervene for the limited purpose of seeking an order unsealing the docket sheets and Warrant Materials." ECF No. 1 at 1. Specifically, the Petition asserts that "as a news organization, CPR may intervene in this matter for the limited purpose of seeking an order unsealing the Warrant Materials." *Id.* at 2.[2] While the Petition identifies one "potentially related case," the Petition seek to intervene in any number of judicial proceedings that may exist relating to the Warrant Materials. But Petitioner has not shown that the law supports its request for intervention in those various proceedings.

---

[2] Despite stating that it seeks to intervene "in this matter," the United States assumes that Petitioner seeks to intervene in the underlying warrant cases.

The Federal Rules of Criminal Procedure prescribe procedures for arrest and search warrants. *See* Fed. R. Crim. P. 4 (arrest warrants), 41 (search warrants). But those rules do not provide for intervention by third parties in criminal proceedings.[3]

In support of intervention, Petitioner states that "both the Tenth Circuit and courts in this district have suggested that intervention is a proper procedural mechanism for members of the press to challenge sealing or other orders that impede their ability to gather news." ECF No. 1-2 at 8. But the cases cited by Petitioner recognize intervention as proper in *civil* actions, where Federal Rules of Civil Procedure explicitly permit intervention by a third party in appropriate circumstances. *Id.*; *see* Fed. R. Civ. P. 24. Although a few other circuits have permitted media organizations to intervene in criminal cases in order to move to unseal records, *see Rosenfeld v. Montgomery Cnty. Pub. Schs*., 25 F. App'x 123, 131-32 (4th Cir. 2001); *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008), the Tenth Circuit has never endorsed such a practice.

Moreover, even if intervention in such proceedings were possible in the abstract, the Petition would not be an appropriate vehicle for Petitioner to seek to intervene in those proceedings. After all, the Petition does not purport to relate to a single judicial proceeding, but rests on the premise that there may be multiple distinct warrant

---

[3] One narrow exception is Federal Rule of Criminal Procedure 32.2(c), which provides that "as prescribed by statute" a "third party" may file "a petition asserting an interest in the property to be forfeited," which then can be resolved in an "ancillary proceeding." This narrowly prescribed right of a third party to seek to appear in an ancillary proceeding for this limited purpose illustrates that the Federal Rules of Criminal Procedure do not broadly permit intervention.

proceedings to which it relates. Petitioner cites no authority that a person may file a single omnibus petition and, by doing so, intervene in multiple different proceedings.

Accordingly, to the extent Petitioner seeks intervention in various unidentified proceedings, the Petition should be denied.

## II. Petitioner may properly seek relief by filing a motion in the nature of mandamus pursuant to the All Writs Act in each particular Warrant Case.

The Petition's flaws do not mean that a media organization lacks any procedural mechanism to request that a judicial officer consider a request to unseal records that have been sealed in a warrant proceeding. Although the Tenth Circuit has not expressly ruled on this procedural issue, it has ruled on requests by media organizations seeking to unseal judicial records in criminal proceedings, where those parties sought to do so by filing motions in the underlying cases where such records were sealed and seeking relief from the district court in the nature of mandamus under the All Writs Act, 28 U.S.C. § 1651. The Tenth Circuit has explained "that mandamus is the proper vehicle for the press to utilize in challenging bar orders directed toward trial participants when the press itself was not a party to the bar order" and "for reviewing court orders sealing or redacting court documents in criminal proceedings." *United States v. McVeigh*, 119 F.3d 806, 810 (10th Cir. 1997). In *McVeigh*, and subsequently in *United States v. Gonzales,* the Tenth Circuit approvingly noted that the district court, in the criminal action, treated non-party media requests to unseal criminal records as requests for mandamus relief. *See id.*; *United States v. Gonzales*, 150 F.3d 1246, 1253 (10th Cir. 1998).

In each of those cases, the district courts had treated the third parties' motions to unseal not as motions to intervene, but as motions for mandamus relief under the All Writs

Act.[4] The All Writs Act does not provide courts with original jurisdiction, but it empowers

courts to issue "writs necessary or appropriate in aid of their respective jurisdictions." 28

U.S.C. § 1651. These cases thus at least suggest that a party may seek access to judicial

records in a criminal proceeding by seeking mandamus relief through a motion under the

All Writs Act in that particular criminal proceeding.

Seeking unsealing in a *particular* warrant proceeding through such a motion would

avoid conflict with precedent regarding sealing decisions, which require the presiding

judicial officer to make a case-specific determination regarding the sealing or records. "[A]

district court, in deciding whether specific documents should be sealed, must consider

the relevant facts and circumstances of the particular case …." *United States v. Bacon*,

950 F.3d 1286, 1294 (10th Cir. 2020). Any decision whether to unseal records in a warrant

proceeding thus must be made by the judicial officer presiding over that particular

proceeding.

Accordingly, Petitioner may have an alternative procedural vehicle to seek relief:

Petitioner may seek to file a motion, in the nature of mandamus, to be filed in a particular

---

[4]    In both cases the district courts stated that the All Writs Act was the appropriate
statute under which to seek mandamus, but in both instances the district court provided
the wrong citation. Instead of citing the All Writs Act, 28 U.S.C. § 1651, the district courts
stated that the relief was appropriate "under the All Writs Act, 28 U.S.C. § 1361," the
citation for the Mandamus Act. *See United States v. McVeigh*, 918 F. Supp. 1452, 1456
(W.D. Okla. 1996); *see also United States v. Gonzales*, No. CR 95-538-MV, 1997 WL
155403, at *13 (D.N.M. Feb. 11, 1997), *vacated in part,* 150 F.3d 1246 (10th Cir. 1998)
(same). These references to § 1361 appear to have been typographical errors; moreover,
as explained above, the Mandamus Act cannot be used to compel judicial action.

sealed proceeding.[5] Any substantive arguments regarding unsealing should be presented and considered in those proceedings rather than this one.

Because many warrant proceedings are sealed (and are designated simply as "Sealed v. Sealed"), the government recognizes that media organizations, such as Petitioner, may not be able to identify the case name or docket information when filing such a motion. But in those circumstances, such an organization can file a motion that includes sufficiently detailed information about a specific warrant—including the date and location of the warrant's execution—for the Court, if it deems it warranted, to request information from the Government (as it has done here) to determine if there is a particular warrant proceeding to which the motion corresponds. If there is such a proceeding, the motion can be filed in that particular sealed proceeding. The presiding judicial officer can determine how to proceed, such as by directing the Government to respond to the motion and informing the media organization that it has done so.

## CONCLUSION

Petitioner has not shown that it is entitled to the relief it seeks. Petitioner relies on the Mandamus Act, but that Act does not provide jurisdiction over the Petition. To the extent Petitioner seeks, in the alternative, to intervene via its single omnibus Petition in

---

[5] The Government expresses no position on whether there could be other obstacles to Petitioner obtaining the relief it seeks in such a proceeding, depending on the facts and circumstances and applicable law. *Cf. United States v. Pickard*, 676 F.3d 1214, 1218 n.2 (10th Cir. 2012) (recognizing a "controversy" over whether "third parties seeking disclosure" have "standing to challenge sealing of court records"); *id.* at 1218 (denying mandamus relief). Any determination of such issues should be made by the judicial officer presiding over a particular warrant proceeding where the records at issue have been sealed.

multiple unidentified warrant proceedings, that request is not supported by the Federal Rules of Criminal Procedure or by Tenth Circuit precedent.

The Court should deny the Petition, without prejudice to Petitioner filing any motion seeking relief in the nature of mandamus pursuant to the All Writs Act, to be filed in a specific sealed warrant proceeding that Petitioner has sufficiently identified, at a minimum by the address and date of the warrant's execution.

Dated: May 27, 2025

Respectfully submitted,

J. BISHOP GREWELL
Acting United States Attorney

*s/ Logan P. Brown*
Logan P. Brown
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0407
Logan.Brown@usdoj.gov

Counsel for the United States

# EXHIBIT A
## (filed as separate restricted document)