IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **IN RE PETITION FOR WRIT OF MANDAMUS OF PUBLIC BROADCASTING OF COLORADO, INC.,** *d/b/a* **COLORADO PUBLIC RADIO** | Case No. 25-CV-00906-GPG<br><br>Related Cases:<br>No. 25-SW-0017-NRN<br>Unknown Case Number(s) |

## MOTION TO UNRESTRICT ECF NOS. 7 AND 8

Petitioner Public Broadcasting of Colorado, Inc., *d/b/a* Colorado Public Radio ("CPR" or "Petitioner") respectfully moves the Court for an order unrestricting ECF Nos. 7 and 8 and allowing those documents to be filed on the public docket.

### BACKGROUND

By this action, Petitioner seeks an order directing the Clerk of Court to unseal the docket and other sealed judicial records relating to search and/or arrest warrants executed on or around January 26, 2025, at the 6600 block of Federal Boulevard, Denver, CO 80221; and on or around February 5, 2025, at 1218 Dallas St., Aurora, CO 80010, and 840 S. Oneida St., Denver, CO 80224 (collectively, the "Warrant Materials").

On April 29, 2025, this Court entered an Order requiring the Government to file a response to the Petition, apprising the Court of:

> (1) the identities of the cases the Government understands to be associated with any warrant(s) executed on or around January 26, 2025 at the 6600 block of Federal Boulevard, Denver, CO 80221; and on or around February 5, 2025 at 1218 Dallas St., Aurora, CO 80010 and 840 S. Oneida St., Denver, CO 80224; (2) the Government's position as to whether these cases (or any particular materials within these cases) should remain under seal; and (3) the Government's position on the Petition more generally.

1

ECF No. 5 at 2. The Order specified that the Government's response would be filed under Level 3 restriction. *Id.*

On May 27, 2025, pursuant to the Court's Order, the Government filed two documents under Level 3 restriction, ECF Nos. 7 and 8. After ECF Nos. 7 and 8 were filed, counsel for Petitioner conferred in good faith pursuant to Local Rule 7.1(a) with counsel for the Government regarding its position on unrestricting. Specifically, counsel for Petitioner sought the Government's position on unrestricting ECF Nos. 7 and 8. Counsel for the Government indicated via email that it would not oppose lifting the restriction from ECF No. 7, but would oppose lifting the restriction on ECF No. 8.

## ARGUMENT

Both ECF Nos. 7 and 8, including subsequent filings which require Petitioner's response, should be unrestricted. The common law right of access applies to the Government's responses to CPR's Petition, just as it does to the underlying materials in the above-described warrant cases that CPR is seeking access to. Moreover, Petitioner cannot meaningfully respond to any arguments the Government may have offered in support of continued sealing of the underlying Warrant Materials without seeing those arguments.

As explained in CPR's Petition, the public has a "common-law right of access to judicial records," *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013), as well as, in all likelihood, a First Amendment right of access. *See United States v. McVeigh*, 119 F.3d 806, 811–12 (10th Cir. 1997) (assuming First Amendment right of access applies to judicial documents). Courts have confirmed that motions to unseal and responses thereto are judicial records to which a right of access attaches under both the common law and the First Amendment. *In re L.A. Times Commc'ns LLC*, 28 F.4th 292, 296 (D.C. Cir. 2022) (explaining government's opposition to

motion to unseal was a "classic example of a document intended to influence judicial decision-making and is therefore a judicial record" subject to common law right of access); *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1096–97 (9th Cir. 2014) (explaining filings related to motion to unseal were subject to First Amendment right of access). And the Tenth Circuit has explained that the presumption of public access to judicial records is particularly strong where the "documents are used to determine litigants' substantive legal rights." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012). That particularly strong presumption is applicable here: this Court's Order required the Government to communicate the "Government's position as to whether these cases (or any particular materials within these cases) should remain under seal" and "the Government's position on the Petition more generally." ECF No. 5 at 2. The Government's position as to whether the Warrant Materials should remain under seal—and response to CPR's Petition more generally—are exactly what the substance of this proceeding is about.

The common law right of access can only be overcome by a showing that "countervailing interests heavily outweigh the public interests in access." *Pickard*, 733 F.3d at 1302. And even though the Court's Order required the Government to file ECF Nos. 7 and 8 under Level 3 restriction, it remains the Government's burden to justify continued sealing here. That's because "the party seeking to keep records sealed bears the burden of justifying that secrecy, even where . . . the district court already previously determined that those documents should be sealed." *Id*.

The Government cannot do so. As for ECF No. 7, the Government does not oppose unrestricting. As for ECF No. 8, CPR's Petition explained that no countervailing interest justifies sealing the underlying Warrant Materials because the warrants have already been executed, and the government has apparently declined to pursue any criminal charges in relation to the execution of the warrants at issue—all factors weighing heavily in favor of disclosing them. *See, e.g.*, *United*

3

*States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1194 (9th Cir. 2011) (recognizing that even where the government has an interest in avoiding disclosure of warrant materials, those interests are typically "not as relevant once an investigation has been terminated," including by declining to prosecute). Any interest in maintaining the secrecy of the Government's arguments in favor of maintaining secrecy over those underlying materials is all the more attenuated. And even if the Government could identify any interest justifying sealing some portions of its filing, the Court is required to consider whether "selectively redacting" the document, rather than wholesale sealing, would "adequately serve the government's interest." *Pickard*, 733 F.3d at 1304. Thus, at a minimum, the Government should be required to submit narrowly redacted versions of ECF No. 8.

Independent of the public's right of access, wholesale sealing of the Government's filings would deny CPR the opportunity to respond as due process and the First Amendment requires. *See In re Hearst Newspapers, L.L.C.*, 641 F.3d 168, 182 (5th Cir. 2011) (collecting cases and noting virtually universal agreement that sealing of judicial documents requires adherence to procedural safeguards of notice and opportunity to respond); *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 609 n.25 (1982) ("[F]or a case-by-case approach to be meaningful, representatives of the press and general public 'must be given an opportunity to be heard on the question of their exclusion.'" (quoting *Gannett Co. v. DePasquale*, 443 U.S. 368, 401 (1979)). "[F]airness can rarely be obtained by secret, one-sided determination of facts decisive of rights." *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 170 (1951) (Frankfurter, J., concurring). And fairness requires that parties be given an opportunity "for correcting or contradicting any relevant statement prejudicial to their view." *Id*. at 170 n.17 (quoting *Bd. of Educ. v. Rice*, (1911) A.C. 179). As a result, only "the most extraordinary circumstances" can

justify "court reliance upon ex parte evidence to decide the merits of a dispute." *Abourezk v. Reagan*, 785 F.2d 1043, 1061 (D.C. Cir. 1986); *see also Appl. of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir. 1981) ("Our adversarial legal system generally does not tolerate ex parte determinations on the merits of a civil case."). These considerations apply to unsealing matters in particular. *See In re L.A. Times Commc'ns LLC*, 28 F.4th at 298–99 (instructing district court on remand to reconsider applicant's contention "that it was fundamentally disadvantaged by the court's decision to seal the government's opposition memorandum . . . ." (internal quotation marks and alterations omitted)). Thus, a decision on CPR's Petition based on ex parte submissions by the Government and without providing CPR a fair opportunity to respond would not only violate the common law and First Amendment rights of access, but it would also violate due process principles.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court enter an Order unrestricting ECF Nos. 7 and 8—including subsequent filings which require Petitioner's response—or, at a minimum, unrestricting ECF No. 7 and requiring the Government to file a redacted version of ECF No. 8 on the public docket. Petitioner also requests that the Court grant Petitioner leave to reply to the arguments made by the Government in its restricted filings within fourteen (14) days (the time typically provided for a reply under Local Civil Rule 7.1(d)) from the date the unrestricted or redacted versions thereof are placed on the public docket.

Dated: May 28, 2025          Respectfully submitted,

                                     */s/ Rachael Johnson*
                                     Rachael Johnson
                                     REPORTERS COMMITTEE FOR
                                       FREEDOM OF THE PRESS
                                     c/o Colorado News Collaborative
                                     2101 Arapahoe Street
                                     Denver, CO 80205
                                     Telephone: 970-486-1085

rjohnson@rcfp.org

*Counsel for Public Broadcasting of Colorado, Inc.,* d/b/a *Colorado Public Radio*