**Exhibit 2**

**REDACTED VERSIONS OF WARRANT MATERIALS**

**REDACTED VERSION OF DOC. 1 AND DOC. 5 IN:**

**Case No. 25-sw-173**

# UNITED STATES DISTRICT COURT

for the
District of Colorado

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

1218 DALLAS ST., AURORA, COLORADO,
80010, APT 101 MORE FULLY DESCRIBED IN
ATTACHMENT A

)
)
)
)
)
)
)
)

Case No. 25-sw-173-TPO

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE "ATTACHMENT A"**, which is attached to and incorporated in this Application and Affidavit

located in the _____ District of <u>Colorado</u>, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"**, which is attached to and incorporated in this Application and Affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1325 | Improper Entry by Alien |

The application is based on these facts:

- ☒ Continued on the attached affidavit, which is incorporated by reference.
- ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*SA* ████████
*Applicant's signature*

SA ████████, HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by <u>telephone</u>.

Date: __2/3/25__

**Timothy P. OHara** Digitally signed by Timothy P. OHara
Date: 2025.02.03 17:11:54 -07'00'
*Judge's signature*

City and state: __Denver, CO__

Timothy P. O'Hara
United States Magistrate Judge
*Printed name and title*

# ATTACHMENT A

## DESCRIPTION OF PROPERTY TO BE SEARCHED

**The Property at 1218 Dallas St, Aurora Colorado, 80010, including apartment 101:**

The subject premises to be searched is an apartment building. The location to be searched is apartment 101, in a 2-story, red brick building set among a total of six within an apartment complex known as The Edge at Lowry apartments and comprising approximately 61 total units. Apartment 101 is located within the second from the southernmost of the six buildings in the complex. The subject premises is on the west of Dayton St. and north of E. 12th Ave. located in Aurora, Colorado. Apartment 101 is accessed from inside the building.

The subject premises to be searched includes but is not limited to the residence and its bedrooms, living areas, kitchen, bathrooms, closets, storage areas, floors, walls, safes, lockers, lock boxes, briefcases, containers and trash areas. The subject premises also includes any associated storage areas, garages and/or outbuildings assigned to or part of this particular apartment number, 101.



## ATTACHMENT B
## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

For the premises listed and described in Attachment A, investigators are authorized to search for and seize the following items, which constitute evidence of the commission of the crime of violations of: 8 U.S.C. § 1325, improper entry by alien (the "Subject Offense"). Documentary evidence (as further described herein) will be seized only if such documents facially constitute evidence of the Subject Offenses:

1. Identification documents issued by the government of any country.

2. Passports or other travel documents issued by the government of any country.

3. Any documents relating to travel to or within the United States, including tickets, receipts, and documents showing reservations for transportation or lodging, or other documents relevant to determining the target's location or travel.

4. Any document relevant to country of nativity or citizenship, including birth certificates or naturalization certificates.

5. Any safe, lock box, combination safe and the contents thereof as they relate to the Subject Offenses, any safe deposit box keys, storage keys, or records pertaining to safe deposit boxes or storage units or areas where documents relating to the Subject Offenses may be located.

6. Indicia of ownership or occupancy of the searched property and items seized.

7. Investigators are authorized to document the areas to be searched with photographs and video recordings.

If the government becomes aware of a reasonable possibility that seized materials may include attorney-client privileged information, the government will implement filter protocols to safeguard attorney-client privileged materials and segregate those materials from review by any member of the investigative team.

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, ▮▮▮▮▮▮, a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), being duly sworn, do hereby depose and state that the following is true to the best of my information, knowledge, and belief:

### INTRODUCTION AND BACKGROUND OF AFFIANT

1.      I make this affidavit in support of an application for a search warrant authorizing the search of 1218 Dallas St., Apt 101, Aurora, Colorado, 80010 (hereinafter referred to as the "SUBJECT PREMISES"), located within The Edge at Lowry complex. The SUBJECT PREMISES to be searched is further described in Attachment A, which is incorporated by reference herein.

2.      Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 8, United States Code, Section 1325, improper entry by alien, have been committed, are being committed, and will be committed by the occupants of the SUBJECT PREMISES.  There is also probable cause to believe that the items described in Attachment B will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

3.      Located within the SUBJECT PREMISES to be searched, I seek to seize evidence of criminal violations which relate to improper entry by an alien.  I request authority to search the entire SUBJECT PREMISES where the items specified in Attachment B may be found. I request authority to seize all items listed in Attachment B as evidence of a crime.

4.      I am a Special Agent with HSI, and have been since ▮▮▮▮▮▮  As such, I am an "Investigative or Law Enforcement Officer" of the United States within the meaning of 18 U.S.C. § 2510(7) and am empowered by law to conduct investigations and to make arrests for various offenses

1

enumerated in Titles 8, 18, 19, 21, 22, and 31, to include offenses alleged herein. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(c), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. During my career in law enforcement, I have received specialized training in the subject of gang, narcotics, and human smuggling investigations. During these investigations, I have used a variety of investigative techniques and resources, including physical and electronic surveillance, wiretaps, analysis of documents and records, and the use of cooperating defendants, informants and confidential sources. I have also received training, and have experience, in the execution of search warrants of the sort requested herein.

5.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.

## PURPOSE OF THIS AFFIDAVIT

6.     This affidavit is submitted in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 for the premises located at 1218 Dallas St., Apt 101, Aurora, Colorado, 80010, as described in Attachment A, for the things described in Attachment B, as evidence of violations of 8 U.S.C. § 1325 (improper entry by alien) (the "Subject Offense"). Attachments A and B are incorporated into this affidavit by reference.

## BASIS FOR FACTS CONTAINED IN THIS AFFIDAVIT

7.     This affidavit is based on personal knowledge I gained from my participation in this investigation, as well as information I believe to be reliable from the following sources:

a.     Oral and written reports about this investigation and other investigations, which I have received from other federal agents and state law enforcement agencies;

2

b. Physical surveillance conducted by federal and/or state law enforcement agencies, which have been reported to me either directly or indirectly;

c. Public records;

d. Law enforcement databases; and

e. Evidence gathered through other law enforcement investigations.

8. Except as otherwise noted, when I assert that a statement was made, the information was provided by an agent or other law enforcement officer, an intelligence analyst, or a source of information (who may have had either direct or indirect knowledge of the statement), with whom I have spoken or whose reports or statements I have reviewed. Likewise, information resulting from surveillance, except where otherwise indicated, does not necessarily set forth my own observations but rather has been provided directly or indirectly by federal or state law enforcement officers who conducted such surveillance.

9. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter.

10. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, see 18 U.S.C. § 2711(3)(A)(i).

## SUMMARY OF PROBABLE CAUSE

## IDENTIFICATION OF THE TARGET SUBJECT AND THE SUBJECT PREMISES

11. On or about January 24, 2025, HSI conducted a query of public and law enforcement databases and identified Yenso Valentin INGLESE Bocaranda ("INGLESE")

3

(DOB: ██████; A#: ██████) also known as (a/k/a) Yenson Englesa-Bocarranga, a

Venezuelan national with a listed address of 1218 N Dallas St. #101, Aurora, Colorado.[1]

12.     A search of INGLESE's immigration history showed that on or about March 22,

2023, INGLESE, under the alias Yenson Englesa-Bocarranga,[2] was apprehended by U.S. Border

Patrol in the vicinity of Sunland Park, New Mexico, which is approximately a mile from the

U.S.-Mexico border.  This location is not a designated Port of Entry into the United States.

Under his alias, INGLESE was photographed and fingerprinted with assigned fingerprint

identification number (FIN) ██████.  According to the U.S. Border Patrol report, INGLESE

was expelled from the United States through the Paso Del Norte Port of Entry (POE) in

accordance with Title 42, United States Code, Section 265, Suspension of Entries and Imports

from Designated Places to Prevent Spread of Communicable Diseases.

13.     A search of INGLESE's immigration history showed that on or about March 24,

2023, INGLESE was apprehended by U.S. Border Patrol in the vicinity of GPS coordinates

(31.795758, -106.551189) less than a mile from the U.S.-Mexico border.  This location is not a

designated Port of Entry into the United States.  According to the U.S. Border Patrol report,

INGLESE was expelled from the United States through the Paso Del Norte Port of Entry (POE)

in accordance with Title 42, United States Code, Section 265, Suspension of Entries and Imports

from Designated Places to Prevent Spread of Communicable Diseases.

---

[1] This address varies from the SUBJECT PREMISES, but I have cause to believe that references
to 1218 N Dallas St, Apt 101, Aurora, Colorado are references to the SUBJECT PREMISES. *See*
¶ 18, *infra*.
[2] A booking photo for Englesa-Bocarranga depicts a male subject whose likeness and appearance
matches that of INGLESE in booking photos taken on March 24, 2023, and April 6, 2023.
Additionally, the same FIN is logged in all three arrests.

14.     A search of INGLESE's immigration history also showed that on or about April 6, 2023, INGLESE was apprehended by U.S. Border Patrol in the vicinity of GPS coordinates (31.793016, -106.520037) approximately one mile from the International Boundary Marker No. 1, on the U.S.-Mexico border.  This location is not a designated Port of Entry into the United States.

15.     I know from training and experience that within U.S. Customs and Border Protection, U.S. Border Patrol agents are charged with securing international land borders and coastal waters between U.S. ports of entry, whereas the Office of Field Operations is responsible for enforcing customs, immigration, and agricultural laws and regulations at U.S. ports of entry, specifically. A search of INGLESE's immigration history shows that the April 6, 2023 encounter was documented by U.S. Border Patrol; there is no report of an encounter with officers from the Office of Field Operations on or near that date. Based upon these facts, I believe that there is probable cause to believe that on April 6, 2023, INGLESE entered the United States between designated ports of entry, i.e., at a time or place other than as designated by immigration officers, in violation of 8 U.S.C. § 1325.

16.     On December 3, 2024, according to a law enforcement report, Aurora Police Department (APD) officers arrested INGLESE in the reported vicinity of 1208 N. Dallas St., in Aurora, Colorado on a bench warrant issued for a Failure To Appear (FTA).[3]  During the encounter, INGLESE identified his residence as 1218 N. Dallas St. #101.

17.     INGLESE again failed to appear for a hearing scheduled for January 28, 2025, and a second bench warrant was issued.  As of January 30, 2025, a Colorado court docket report

---

[3] Case Number 202408647 with Offense Date of April 25, 2024.

lists his active address as 1218 N Dallas St #101, Aurora, CO 80010. The bench warrant is believed to be active as of this writing.

18.     Although law enforcement and court records list INGLESE's residence as 1218 N Dallas St #101, Aurora, CO 80010, I believe the address refers to the SUBJECT PREMISES, i.e., 1218 Dallas St, Apt 101, Aurora, Colorado 80010. Based on a United States Postal Service online address verification tool, the correct mailing address for 1208 N Dallas St in Aurora, Colorado is 1208 Dallas St in Aurora, Colorado, an address I believe resolves to the building immediately south of the SUBJECT PREMISES within The Edge at Lowry apartment complex. A similar check for Apt 101 at 1218 N Dallas St yields a corresponding correction to the address. A check of "N Dallas St" on Google Maps reveals that "N Dallas St" resolves to the city of Denver, Colorado, and zip code 80238. Neither street number 1218 nor apartment number 101 can be found in relation to that Denver-based street corresponding to a search of "1218 N Dallas St."

19.     Based on my training and experience, I believe noncitizens and aliens present in the United States who have maintained an unlawful presence or who have otherwise failed to adhere to conditions of visas, paroles, work authorizations, or other conferred immigration benefits in compliance with the Immigration and Nationality Act, intentionally store important and original documents such as those described in Attachment B—passports, identification cards, and travel records, for example—within the confines of their domiciles. I believe this serves not only to safeguard such documents against loss or theft, but also limits exposure for the owner of said documents, which may truly identify the owner as a foreign national and/or noncitizen unlawfully present within the United States should the documents be discovered or produced upon their person.

6

20. Additionally, I believe a search of the SUBJECT PREMISES is likely to yield identification documents and similar items pertaining to INGLESE and others as detailed in Attachment B because the SUBJECT PREMISES, like many apartment units, are intended to be long-term dwellings relative to more transient domiciles such as hotels.

21. Incidentally, I believe additional investigative techniques such as physical surveillance and/or the installation of remote video surveillance on the SUBJECT PREMISES that typically undergird the probable cause in support of applications for search warrants are, in this case, prohibitively unsafe for law enforcement, and as such, agents have opted not to employ these techniques to further the probable cause in support of this application.

## ATTORNEY-CLIENT PRIVILEGE MATERIALS

22. If the government becomes aware of a reasonable possibility that seized materials may include attorney-client privileged information, the government will implement filter protocols to safeguard attorney-client privileged materials and segregate those materials from review by any member of the investigative team.

## CONCLUSIONS

23. I submit that this affidavit supports probable cause for the requested warrants to search the premises described in the respective Attachment A and seize the items described in the corresponding Attachment B.

24. I believe that executing a search warrant on the SUBJECT PREMISES will produce evidence of 8 U.S.C. § 1325, improper entry by alien, within the state of Colorado and other areas yet to be identified.

## REQUEST FOR RESTRICTION

25. It is respectfully requested that this Court issue an order restricting at Level 3, until

further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing this document is necessary because the items and information to be seized are easily portable and are within the care and custody of INGLESE. Knowledge by the targets regarding this application and search warrant would provide them the opportunity to remove the things to be seized, as described in ATTACHMENT B, from the SUBJECT PREMISES.

Respectfully submitted,

s/

Special Agent
Homeland Security Investigations

Submitted, attested to, and acknowledged by reliable electronic means on February ___3rd___, 2025.

Timothy P. OHara
Digitally signed by Timothy P. OHara
Date: 2025.02.03 17:11:18 -07'00'

HON. TIMOTHY P. O'HARA
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLORADO

**This affidavit and associated application were reviewed and are submitted by Assistant United States Attorney JD Rowell.**

8

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>25-sw-00173 | Date and time warrant executed:<br>02/05/2025  6:00 am MST | Copy of warrant and inventory left with:<br>N/a . |
| Inventory made in the presence of :<br>N/a | | |
| Inventory of the property taken and name of any person(s) seized: | | |

- Warrant unexecuted due to unit being permanently boarded up.

| Certification |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 02/07/2025

███████████████████
*Executing officer's signature*

████████, SA, HSI
*Printed name and title*

**REDACTED VERSION OF DOC. 1 AND DOC. 5 IN:**

**Case No. 25-sw-176**

# UNITED STATES DISTRICT COURT

for the
District of Colorado

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

840 S. ONEIDA ST., DENVER, COLORADO, 80224, INCLUDING APT 210, MORE FULLY DESCRIBED IN ATTACHMENT A

)
)
)
)
)
)
)
)

Case No. 25-sw-00176-TPO

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE "ATTACHMENT A", which is attached to and incorporated in this Application and Affidavit

located in the _____ District of Colorado, there is now concealed *(identify the person or describe the property to be seized)*:

SEE "ATTACHMENT B", which is attached to and incorporated in this Application and Affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Reentry of Removed Alien |

The application is based on these facts:

- ☒ Continued on the attached affidavit, which is incorporated by reference.
- ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

SA ███████████████
*Applicant's signature*

SA ███████████████
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by *telephone*.

Date: 2/3/25

Timothy P. O'Hara  Digitally signed by Timothy P. O'Hara
Date: 2025.02.03 17:36:02 -07'00'

*Judge's signature*

City and state: Denver, CO

Timothy P. O'Hara
United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

## DESCRIPTION OF PROPERTY TO BE SEARCHED

**The Property at 840 S. Oneida St., Denver, Colorado 80224, including apartment A210:**

      The subject premises to be searched is an apartment building. The location to be searched is apartment A210, in a 3-story, red brick building set among a total of nine within an apartment complex known as the Cedar Run apartments and comprising approximately 384 total units. Apartment A210 is located within the apartment building directly to the west of the Leasing Office/Clubhouse.  The subject premises is on the east of S. Oneida St. and north of Leetsdale Drive located in Denver, Colorado.  Apartment A210 is accessed from inside the building.

      The subject premises to be searched includes but is not limited to the residence and its bedrooms, living areas, kitchen, bathrooms, closets, storage areas, floors, walls, safes, lockers, lock boxes, briefcases, containers and trash areas.  The subject premises also includes any associated storage areas, garages and/or outbuildings assigned to or part of this particular apartment number, A210.



## ATTACHMENT B
## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

For the premises listed and described in Attachment A, investigators are authorized to search for and seize the following items, which constitute evidence of the commission of the crime of violations of: 8 U.S.C. § 1326(a): reentry of removed alien (the "Subject Offense"). Documentary evidence (as further described herein) will be seized only if such documents facially constitute evidence of the Subject Offenses:

1. Identification documents issued by the government of any country.

2. Passports or other travel documents issued by the government of any country.

3. Any documents relating to travel to or within the United States, including tickets, receipts, and documents showing reservations for transportation or lodging, or other documents relevant to determining the target's location or travel.

4. Any document relevant to country of nativity or citizenship, including birth certificates or naturalization certificates.

5. Any safe, lock box, combination safe and the contents thereof as they relate to the Subject Offenses, any safe deposit box keys, storage keys, or records pertaining to safe deposit boxes or storage units or areas where documents relating to the Subject Offenses may be located.

6. Indicia of ownership or occupancy of the searched property and items seized.

7. Investigators are authorized to document the areas to be searched with photographs and video recordings.


If the government becomes aware of a reasonable possibility that seized materials may include attorney-client privileged information, the government will implement filter protocols to safeguard attorney-client privileged materials and segregate those materials from review by any member of the investigative team.

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, ▮▮▮▮▮▮▮, a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), being duly sworn, do hereby depose and state that the following is true to the best of my information, knowledge, and belief:

### INTRODUCTION AND BACKGROUND OF AFFIANT

1.      I make this affidavit in support of an application for a search warrant authorizing the search of 840 S. Oneida St., Apartment A210, Denver, Colorado 80224 (hereinafter referred to as the "SUBJECT PREMISES"), located within the Cedar Run Apartments complex.  The SUBJECT PREMISES to be searched is further described in Attachment A, which is incorporated by reference herein.

2.      Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 8, United States Code, Section 1326(a) (reentry of removed alien) have been committed, are being committed, and will be committed by the occupants of the SUBJECT PREMISES.  There is also probable cause to believe that the items described in Attachment B will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

3.      Located within the SUBJECT PREMISES to be searched, I seek to seize evidence of criminal violations which relate to reentry of removed aliens.  I request authority to search the entire SUBJECT PREMISES where the items specified in Attachment B may be found.  I request authority to seize all items listed in Attachment B as evidence of a crime.

4.      I am a Special Agent with HSI and have been since ▮▮ ▮▮.  As such, I am an "Investigative or Law Enforcement Officer" of the United States within the meaning of 18 U.S.C. § 2510(7) and am empowered by law to conduct investigations and to make arrests for various offenses

1

enumerated in Titles 8, 18, 19, 21, 22, and 31, to include offenses alleged herein. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(c), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. During my career in law enforcement, I have received specialized training in the subject of gang, narcotics, and human smuggling investigations. During these investigations, I have used a variety of investigative techniques and resources, including physical and electronic surveillance, wiretaps, analysis of documents and records, and the use of cooperating defendants, informants and confidential sources. I have also received training, and have experience, in the execution of search warrants of the sort requested herein.

5.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.

## PURPOSE OF THIS AFFIDAVIT

6.      This affidavit is submitted in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 for the premises located at 840 S. Oneida St., Apartment A210, Denver, Colorado 80224, as described in Attachment A, for the things described in Attachment B, as evidence of violations of 8 U.S.C. § 1326 (reentry by removed alien) (the "Subject Offense"). Attachments A and B are incorporated into this affidavit by reference. This affidavit is submitted in support of a search warrant for the following location:

## BASIS FOR FACTS CONTAINED IN THIS AFFIDAVIT

7.      This affidavit is based on personal knowledge I gained from my participation in this investigation, as well as information I believe to be reliable from the following sources:

a.      Oral and written reports about this investigation and other investigations, which I have received from other federal agents and state law enforcement agencies;

2

b.      Physical surveillance conducted by federal and/or state law enforcement

agencies, which have been reported to me either directly or indirectly;

c.      Public records;

d.      Law enforcement databases; and

e.      Evidence gathered through other law enforcement investigations.

8.      Except as otherwise noted, when I assert that a statement was made, the

information was provided by an agent or other law enforcement officer, an intelligence analyst,

or a source of information (who may have had either direct or indirect knowledge of the

statement), with whom I have spoken or whose reports or statements I have reviewed.  Likewise,

information resulting from surveillance, except where otherwise indicated, does not necessarily

set forth my own observations but rather has been provided directly or indirectly by federal or

state law enforcement officers who conducted such surveillance.

9.      This affidavit is intended to show merely that there is sufficient probable cause

for the requested warrant and does not purport to set forth all of my knowledge of or

investigation into this matter.

10.     The court has jurisdiction to issue the proposed warrant because it is a "court of

competent jurisdiction" as defined in 18 U.S.C. § 2711.  Specifically, the Court is a district court

of the United States that has jurisdiction over the offense being investigated, see 18 U.S.C. §

2711(3)(A)(i).

**SUMMARY OF PROBABLE CAUSE**

**IDENTIFICATION OF THE TARGET SUBJECT AND THE SUBJECT PREMISES**

11.     On or about January 24, 2025, HSI conducted a query of public and law

enforcement databases and identified Maria De Los Angeles GONZALEZ-CORDOVA, also

3

known as (a/k/a) Maria Delosangeles GONZALEZ-CORDOVA or Maria De Los Angeles

GONZALEZ CORDOVA, ("GONZALEZ") (DOB:        ; A#:        ), a Salvadoran

national with a listed address of 840 S. Oneida St., Apartment A210, Denver, Colorado 80224

("the SUBJECT PREMISES").

12.     A search of GONZALEZ' immigration history showed the following:

a.     On or about December 2, 2014, GONZALEZ was encountered by United

States Border Patrol in the Rio Grande Valley, Texas Border Patrol Sector.

b.     On or about December 3, 2014, GONZALEZ was advised of her

administrative rights and provided a sworn statement to Border Patrol Agents.

GONZALEZ admitted to illegally crossing the international boundary without being

inspected by an immigration officer at a designated Port of Entry.  GONZALEZ was

found to be inadmissible under Section 212(a)(7)(A)(i)(I) of the Immigration and

Nationality Act (INA), Immigrant Without an Immigrant Visa.

c.     On or about January 27, 2015, GONZALEZ was removed from the United

States via Laredo, Texas pursuant to lawful order.

d.     On or about November 27, 2023, GONZALEZ was encountered by United

States Border Patrol in the Rio Grande Valley, Texas Border Patrol Sector.  GONZALEZ

admitted to illegally crossing the international boundary without being inspected by an

immigration officer at a designated Port of Entry. Records established and GONZALEZ

also admitted to having a prior order of removal from the United States.

e.     On or about January 30, 2025, United States Immigration and Customs

Enforcement (ICE) Enforcement and Removal Operations (ERO) queried their internal

systems for GONZALEZ and found that, on January 10, 2025, GONZALEZ had

4

submitted a new home address via the ICE Portal, which she listed as 840 Oneida St., A210, Denver, Colorado 80224 – that is, the SUBJECT PREMISES.

13. Based on my training and experience, I believe noncitizens and aliens present in the United States who have maintained an unlawful presence or who have otherwise failed to adhere to conditions of visas, paroles, work authorizations, or other conferred immigration benefits in compliance with the Immigration and Nationality Act, intentionally store important and original documents such as those described in Attachment B—passports, identification cards, and travel records, for example—within the confines of their domiciles. I believe this serves not only to safeguard such documents against loss or theft, but also limits exposure for the owner of said documents, which may truly identify the owner as a foreign national and/or noncitizen unlawfully present within the United States should the documents be discovered or produced upon their person.

14. Additionally, I believe a search of the SUBJECT PREMISES is likely to yield identification documents and similar items pertaining to GONZALEZ and others as detailed in Attachment B because the SUBJECT PREMISES, like many apartment units, are intended to be long-term dwellings relative to more transient domiciles such as hotels.

15. Incidentally, I believe additional investigative techniques such as physical surveillance and/or the installation of remote video surveillance on the SUBJECT PREMISES that typically undergird the probable cause in support of applications for search warrants are, in this case, prohibitively unsafe for law enforcement, and as such, agents have opted not to employ these techniques to further the probable cause in support of this application.

## ATTORNEY-CLIENT PRIVILEGE MATERIALS

5

16. If the government becomes aware of a reasonable possibility that seized materials may include attorney-client privileged information, the government will implement filter protocols to safeguard attorney-client privileged materials and segregate those materials from review by any member of the investigative team.

## CONCLUSIONS

17. I submit that this affidavit supports probable cause for the requested warrants to search the premises described in the respective Attachment A and seize the items described in the corresponding Attachment B.

18. I believe that executing a search warrant on the SUBJECT PREMISES will produce evidence of 8 U.S.C. § 1326(a), reentry of removed aliens, within the state of Colorado and other areas yet to be identified.

## REQUEST FOR RESTRICTION

19. It is respectfully requested that this Court issue an order restricting at Level 3, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing this document is necessary because the items and information to be seized are easily portable and are within the care and custody of GONZALEZ. Knowledge by the targets regarding this application and search warrant would

provide them the opportunity to remove the things to be seized, as described in ATTACHMENT

B, from the SUBJECT PREMISES.

Respectfully submitted,

*s/* ███████████

Special Agent
Homeland Security Investigations

Submitted, attested to, and acknowledged by reliable electronic means on February ___3rd___, 2025.

Timothy P. OHara
Digitally signed by Timothy P. OHara
Date: 2025.02.03 17:35:36 -07'00'

HON. TIMOTHY P. O'HARA
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLORADO

**This affidavit and associated application were reviewed and are submitted by Assistant United States Attorney JD Rowell.**

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>25-SW-00176 | Date and time warrant executed:<br>2/5/25  0830 hrs MST | Copy of warrant and inventory left with:<br>at  premises |
| Inventory made in the presence of : Border Patrol Agent ███████ | | |
| Inventory of the property taken and name of any person(s) seized: | | |

— Miscellaneous documents

| Certification |
|---|

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:  2/7/25

████████████████
*Executing officer's signature*

████████████ Special Agent
*Printed name and title*

**REDACTED VERSION OF DOC. 1 AND DOC. 5 IN:**

**Case No. 25-sw-177**

# UNITED STATES DISTRICT COURT
### for the
District of Colorado

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

840 S. ONEIDA ST., DENVER, COLORADO, 80224, APT 301, MORE FULLY DESCRIBED IN ATTACHMENT A

)
)
)
)
)
)
)
)
)

Case No. 25-sw-00177-TPO

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE "ATTACHMENT A"**, which is attached to and incorporated in this Application and Affidavit

located in the _____ District of <u>Colorado</u>, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"**, which is attached to and incorporated in this Application and Affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1325 | Improper Entry by Alien |

The application is based on these facts:

- ☒ Continued on the attached affidavit, which is incorporated by reference.
- ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

SA ███████████
*Applicant's signature*

SA ██████████, HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by <u>telephone</u>.

Date: __2/3/25__

Timothy P. OHara
Digitally signed by Timothy P. OHara
Date: 2025.02.03 17:31:48 -07'00'

*Judge's signature*

City and state: __Denver, CO__

Timothy P. O'Hara
United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

## DESCRIPTION OF PROPERTY TO BE SEARCHED

**The Property at 840 S. Oneida St., Denver, Colorado 80224, including apartment A301:**

      The subject premises to be searched is an apartment building. The location to be searched is apartment A301, in a 3-story, red brick building set among a total of nine within an apartment complex known as the Cedar Run Apartments and comprising approximately 384 total units. Apartment A301 is located within the apartment building directly to the west of the Leasing Office/Clubhouse.  The subject premises is on the east of S. Oneida St. and north of Leetsdale Drive located in Denver, Colorado.  Apartment A301 is accessed from inside the building.

      The subject premises to be searched includes but is not limited to the residence and its bedrooms, living areas, kitchen, bathrooms, closets, storage areas, floors, walls, safes, lockers, lock boxes, briefcases, containers and trash areas.  The subject premises also includes any associated storage areas, garages and/or outbuildings assigned to or part of this particular apartment number, A301.



## ATTACHMENT B
## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

For the premises listed and described in Attachment A, investigators are authorized to search for and seize the following items, which constitute evidence of the commission of the crime of violations of: 8 U.S.C. § 1325: improper entry by alien (the "Subject Offense"). Documentary evidence (as further described herein) will be seized only if such documents facially constitute evidence of the Subject Offenses:

1. Identification documents issued by the government of any country.

2. Passports or other travel documents issued by the government of any country.

3. Any documents relating to travel to or within the United States, including tickets, receipts, and documents showing reservations for transportation or lodging, or other documents relevant to determining the target's location or travel.

4. Any document relevant to country of nativity or citizenship, including birth certificates or naturalization certificates.

5. Any safe, lock box, combination safe and the contents thereof as they relate to the Subject Offenses, any safe deposit box keys, storage keys, or records pertaining to safe deposit boxes or storage units or areas where documents relating to the Subject Offenses may be located.

6. Indicia of ownership or occupancy of the searched property and items seized.

7. Investigators are authorized to document the areas to be searched with photographs and video recordings.


If the government becomes aware of a reasonable possibility that seized materials may include attorney-client privileged information, the government will implement filter protocols to safeguard attorney-client privileged materials and segregate those materials from review by any member of the investigative team.

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, ███████████ a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), being duly sworn, do hereby depose and state that the following is true to the best of my information, knowledge, and belief:

## INTRODUCTION AND BACKGROUND OF AFFIANT

1.      I make this affidavit in support of an application for a search warrant authorizing the search of 840 S. Oneida St., Apartment A301, Denver, Colorado 80224 (hereinafter referred to as the "SUBJECT PREMISES"), located within the Cedar Run Apartments complex.  The SUBJECT PREMISES to be searched is further described in Attachment A, which is incorporated by reference herein.

2.      Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 8, United States Code, Section 1325 (improper entry by alien) have been committed, are being committed, and will be committed by the occupants of the SUBJECT PREMISES.  There is also probable cause to believe that the items described in Attachment B will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

3.      Located within the SUBJECT PREMISES to be searched, I seek to seize evidence of criminal violations which relate to improper entry by aliens.  I request authority to search the entire SUBJECT PREMISES where the items specified in Attachment B may be found.  I request authority to seize all items listed in Attachment B as evidence of a crime.

4.      I am a Special Agent with HSI and have been since ████████  As such, I am an "Investigative or Law Enforcement Officer" of the United States within the meaning of 18 U.S.C. § 2510(7) and am empowered by law to conduct investigations and to make arrests for various offenses

1

enumerated in Titles 8, 18, 19, 21, 22, and 31, to include offenses alleged herein. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(c), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. During my career in law enforcement, I have received specialized training in the subject of gang, narcotics, and human smuggling investigations. During these investigations, I have used a variety of investigative techniques and resources, including physical and electronic surveillance, wiretaps, analysis of documents and records, and the use of cooperating defendants, informants and confidential sources. I have also received training, and have experience, in the execution of search warrants of the sort requested herein.

5.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.

## PURPOSE OF THIS AFFIDAVIT

6.      This affidavit is submitted in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 for the premises located at 840 S. Oneida St., Apartment A301, Denver, Colorado 80224, as described in Attachment A, for the things described in Attachment B, as evidence of violations of 8 U.S.C. § 1325 (improper entry by alien) (the "Subject Offense"). Attachments A and B are incorporated into this affidavit by reference.

## BASIS FOR FACTS CONTAINED IN THIS AFFIDAVIT

7.      This affidavit is based on personal knowledge I gained from my participation in this investigation, as well as information I believe to be reliable from the following sources:

a.      Oral and written reports about this investigation and other investigations, which I have received from other federal agents and state law enforcement agencies;

2

b.      Physical surveillance conducted by federal and/or state law enforcement agencies, which have been reported to me either directly or indirectly;

c.      Public records;

d.      Law enforcement databases; and

e.      Evidence gathered through other law enforcement investigations.

8.      Except as otherwise noted, when I assert that a statement was made, the information was provided by an agent or other law enforcement officer, an intelligence analyst, or a source of information (who may have had either direct or indirect knowledge of the statement), with whom I have spoken or whose reports or statements I have reviewed. Likewise, information resulting from surveillance, except where otherwise indicated, does not necessarily set forth my own observations but rather has been provided directly or indirectly by federal or state law enforcement officers who conducted such surveillance.

9.      This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter.

10.      The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, see 18 U.S.C. § 2711(3)(A)(i).

## SUMMARY OF PROBABLE CAUSE

### IDENTIFICATION OF THE TARGET SUBJECT AND THE SUBJECT PREMISES

11.      On or about January 24, 2025, HSI conducted a query of public and law enforcement databases and identified the following individuals:

a.  Jhonathan Alexander PEROZO PONCE ("PEROZO") (DOB: ███████; A#: ███████), a male Venezuelan national with a listed address of 840 S. Oneida St., Apartment A301, Denver, Colorado 80224 ("the SUBJECT PREMISES").

b.  Dulesi Carolina GARAY MONTES, also known as (a/k/a) Dulesi Carolina GARAY-MONTES, ("GARAY") (DOB: ███████; A#: ███████), a female Venezuelan national with a listed address of 840 S. Oneida St., Apartment A301, Denver, Colorado 80224 ("the SUBJECT PREMISES").

12.  PEROZO's immigration history includes the following information:

a.  On or about September 13, 2023, PEROZO was encountered by United States Border Patrol in the El Paso, Texas Border Patrol Sector. He admitted to illegally crossing the international boundary without being inspected by an immigration officer at a designated Port of Entry, was found to be inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), Alien Present Without Admission or Parole, and was served a Form I-862 Notice to Appear.

b.  On or about January 15, 2025, PEROZO submitted information as part of an application filed with the United States Citizenship and Immigration Services (USCIS) and listed his address as 840 S. Oneida St., Apartment A301, Denver, Colorado 80224 – that is, the SUBJECT PREMISES.

13.  GARAY's immigration history includes the following information:

a.  On or about September 10, 2023, GARAY was encountered by United States Border Patrol in the El Paso, Texas Border Patrol Sector. She admitted to illegally crossing the international boundary without being inspected by an immigration officer at a designated Port of Entry, was found to be inadmissible

4

under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA),

Alien Present Without Admission or Parole, and was served with a Form I-862

Notice to Appear.

b. According to Immigration Court records, as of August 19, 2024, GARAY's

address was 840 S. Oneida St., Apartment A301, Denver, Colorado 80224 – that

is, the SUBJECT PREMISES.

c. On or about January 13, 2025, GARAY submitted information as part of an

application filed with the United States Citizenship and Immigration Services

(USCIS) and listed her address as 840 S. Oneida St., Apartment A301, Denver,

Colorado 80224 – that is, the SUBJECT PREMISES.

14.    Based on my training and experience, I believe noncitizens and aliens present in

the United States who have maintained an unlawful presence or who have otherwise failed to

adhere to conditions of visas, paroles, work authorizations, or other conferred immigration

benefits in compliance with the Immigration and Nationality Act, intentionally store important

and original documents such as those described in Attachment B—passports, identification

cards, and travel records, for example—within the confines of their domiciles.  I believe this

serves not only to safeguard such documents against loss or theft, but also limits exposure for the

owner of said documents, which may truly identify the owner as a foreign national and/or

noncitizen unlawfully present within the United States should the documents be discovered or

produced upon their person.

15.    Additionally, I believe a search of the SUBJECT PREMISES is likely to yield

identification documents and similar items pertaining to PEROZO and GARAY and others as

detailed in Attachment B because the SUBJECT PREMISES, like many apartment units, are intended to be long-term dwellings relative to more transient domiciles such as hotels.

16.     Incidentally, I believe additional investigative techniques such as physical surveillance and/or the installation of remote video surveillance on the SUBJECT PREMISES that typically undergird the probable cause in support of applications for search warrants are, in this case, prohibitively unsafe for law enforcement, and as such, agents have opted not to employ these techniques to further the probable cause in support of this application.

## ATTORNEY-CLIENT PRIVILEGE MATERIALS

17.     If the government becomes aware of a reasonable possibility that seized materials may include attorney-client privileged information, the government will implement filter protocols to safeguard attorney-client privileged materials and segregate those materials from review by any member of the investigative team.

## CONCLUSIONS

18.     I submit that this affidavit supports probable cause for the requested warrants to search the premises described in the respective Attachment A and seize the items described in the corresponding Attachment B.

19.     I believe that executing a search warrant on the SUBJECT PREMISES will produce evidence of 8 U.S.C. § 1325, improper entry by aliens, within the state of Colorado and other areas yet to be identified.

## REQUEST FOR RESTRICTION

It is respectfully requested that this Court issue an order restricting at Level 3, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing this document is necessary because the items and information

6

to be seized are easily portable and are within the care and custody of PEROZO and GARAY. Knowledge by the targets regarding this application and search warrant would provide them the opportunity to remove the things to be seized, as described in ATTACHMENT B, from the SUBJECT PREMISES.

Respectfully submitted,

_s/_

Special Agent
Homeland Security Investigations

Timothy P. OHara

Digitally signed by
Timothy P. OHara
Date: 2025.02.03
17:31:21 -07'00'

HON. TIMOTHY P. O'HARA
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLORADO

Submitted, attested to, and acknowledged by reliable electronic means on February __3rd__, 2025.

**This affidavit and associated application were reviewed and are submitted by Assistant United States Attorney JD Rowell.**

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 25-sw-00177 | Date and time warrant executed: 2/5/25 0845 hrs MST | Copy of warrant and inventory left with: GARAY-MONTES Dallesi |
| Inventory made in the presence of : Special Agent ████████ | | |
| Inventory of the property taken and name of any person(s) seized: | | |

— Warrant initiated, but no items were seized due to exigent circumstances regarding officer safety at the location.

| Certification |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: 2/7/25

████████████████████
*Executing officer's signature*

████████████  Special Agent
*Printed name and title*