**Exhibit 3**

**REDACTED VERSION OF ECF NO. 8**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 25-cv-00906-GPG

IN RE PETITION FOR WRIT OF MANDAMUS OF
PUBLIC BROADCASTING OF COLORADO, INC.,
 d/b/a COLORADO PUBLIC RADIO

***LEVEL 3 RESTRICTED DOCUMENT***

## EXHIBIT A TO THE UNITED STATES' RESPONSE TO COURT ORDER

In this Exhibit A, the United States responds to the Court's order directing it to address: (1) "the identities of the cases the Government understands to be [at issue]" ("Warrant Cases"); and (2) "the Government's position as to whether these cases (or any particular materials within these cases) should remain under seal." ECF No. 5.

### I. The identities of the cases that the Government understands to be at issue

The Petition states that it seeks to unseal records related to warrants executed at three locations. Specifically, it seeks to unseal records of "search and/or arrest warrants executed on or around January 26, 2025, at the 6600 block of Federal Boulevard, Denver, CO 80221; and on or around February 5, 2025, at 1218 Dallas St., Aurora CO 80010, and 840 S. Oneida St., Denver, CO 80224" ("Warrant Materials"). ECF No. 1 at 1.

Petitioner only provides one "potentially related" case number, 25-SW-0017. *Id.* at 1 n.1. In its Order, the Court noted that it "is not certain what cases . . . are in issue" and, accordingly, asks the Government to identify which cases it "understands to be associated" with warrants executed at the times and locations identified by the Petition. ECF No. 5 at 3.

The United States conducted a review and identified the following cases, which it believes to be associated with warrants executed on the dates and locations identified in the Petition:

| Date Alleged | Address Alleged | Warrant Address | Case Number |
|---|---|---|---|
| January 26, 2025 | 6600 block of Federal Boulevard, Denver, CO 80221 | ███████ | ███████ |
| February 5, 2025 | 1218 Dallas St., Aurora, CO 80010 | 1218 Dallas St., Aurora, CO 80010 Apt. 101 | 25-sw-00173-TPO |
| February 5, 2025 | 840 S. Oneida St., Denver, CO 80224 | 840 S. Oneida St. Denver, CO 80224 Apt. 210 | 25-sw-00176-TPO |
| | | 840 S. Oneida St. Denver, CO 80224 Apt. 301 | 25-sw-00177-TPO |

## II. Government's Position on Records Remaining Sealed

As explained in its response above to Question 3, the Government believes that to the extent the Court considers whether records in warrant proceedings should remain sealed, any substantive arguments and briefing should be directly submitted to, and addressed by, the judicial officer presiding over those particular proceedings. Nevertheless, to respond to the Court's Order, the Government briefly responds below to Petitioner's arguments for unsealing the records Petitioner believes to be at issue.

Petitioner argues that the Warrant Materials must be unsealed based on Local Criminal Rule 47.1 and the common law right of access to judicial records. As explained below, Local Rule 47.1 does not require the records to be unsealed, and certain of the

Warrant Materials must remain sealed notwithstanding the presumptive right of public access under the common law.

### A. Local Criminal Rule 47.1

Petitioner first asserts that Local Criminal Rule 47.1 requires release of the Warrant Materials. ECF No. 1-2 at 11-12. Petitioner argues that the Warrant Materials must be unsealed because any restriction for "docket sheets for ***unexecuted*** warrants and their supporting documents" granted by Local Rule 47.1 is only temporary and "expires 'on the execution of the summonses or warrants.'" *See id.* at 11 (quoting LCrR 47.1(g)(1)) (emphasis in original). This argument, however, is entirely premised on an inaccurate assumption that "there has been no motion or order restricting public access" to the Warrant Materials. *See id.* at 12. To the contrary, in each of the Warrant Cases the United States moved for and received an order restricting the case and documents until further order of the Court. *See* ███████████████████████████; No. 25-sw-00173-TPO, ECF Nos. 3, 4; No. 25-sw-00176-TPO, ECF Nos. 3, 4; No. 25-sw-00177-TPO, ECF Nos. 3, 4. The Warrant Materials are not restricted pursuant to the temporary restriction granted by Local Rule 47.1, but by separate court order. Local Rule 47.1 thus does not offer an avenue for relief for Petitioner here.

### B. Common-law right of access to judicial records

Petitioner also seeks to unseal the Warrant Materials "pursuant to the common law right of access to judicial records." ECF No. 1-2 at 12. Petitioner argues that the Warrant Materials are judicial records "subject to the qualified common law right of access" and

that "no countervailing interest in secrecy justifies the continued sealing of the Warrant Materials." *Id.* at 14-15.

The Government does not dispute that—insofar as the Warrant Materials Petitioner seeks to unseal have been filed with the Court—they are properly considered to be judicial records. However, the Tenth Circuit has found that the presumption of public access "should not apply to materials properly submitted under seal." *Matter of Search of 1638 E. 2nd St., Tulsa, Okl.*, 993 F.2d 773, 775 (10th Cir. 1993) (quoting *United States v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989)); *see also Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989) ("[T]here is no right of access to documents which have traditionally been kept secret for important policy reasons."). As noted above, all of the Warrant Materials were properly submitted under seal and ordered sealed by the court.

Additionally, the Government disagrees with Petitioner's assertion that no countervailing interest justifies the continued sealing of some of the Warrant Materials. As noted by Petitioner, the common law right of access is "qualified." ECF No. 1-2 at 14. Although "judicial documents are presumptively available to the public, [they] may be sealed if the right to access is outweighed by the interests favoring nondisclosure." *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). For example, courts regularly conclude that judicial records—including warrant materials—concerning ongoing criminal investigations should remain sealed, notwithstanding the common law right of access. *See, e.g., Times Mirror Co.*, 873 F.2d at 1219 (concluding that "the ends of justice would be frustrated, not served, if the public were allowed access to warrant materials in the

4

midst of a preindictment investigation into suspected criminal activity"); *In re Search Warrant for Secretarial Area Outside Off. of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988) (finding "a substantial probability that the government's on-going investigation would be severely compromised if the sealed documents were released"); *In re Press Application for Access to Jud. Recs. in Case No. 23-SC-31*, 704 F. Supp. 3d 161, 173 (D.D.C. 2023) (concluding that "the undeniable need to protect an ongoing criminal investigation tips the balance toward the Government's request to continue sealing" warrant documents). When faced with sealing decisions, "[t]herefore, the district court, in exercising its discretion, must 'weigh the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).

Here, as noted above, the judicial officer presiding over each warrant proceeding should make the sealing determinations in each case. *See Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989) ("[T]he common law qualified right of access to the warrant papers is committed to the sound discretion of the judicial officer who issued the warrant."). Nevertheless, in accordance with the Court's Order (ECF No. 5), the Government offers the position it anticipates taking on the sealing status of the Warrant Materials in each case:

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████

5

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
█████████████████████████████████

*In re 1218 Dallas St., Aurora, CO 80010, Apt. 101*, **No. 25-sw-00173-TPO;** *In re 840 S. Oneida St. Denver, CO 80224, Apt. 210*, **No. 25-sw-00176-TPO; and** *In re 840 S. Oneida St. Denver, CO 80224, Apt. 210*, **No. 25-sw-00176-TPO:** The Government is no longer pursuing the investigations related to these warrants. However, the sealed documents contain certain sensitive information that should be redacted prior to public disclosure such as agent names and personally identifiable information. If Petitioner filed a proper motion in each of these cases, the Government would offer to provide redacted versions of the sealed documents and would not oppose unsealing the case or docket.

**CONCLUSION**

As explained above, and in the response, the judicial officers presiding over the warrant proceedings should determine whether the Warrant Materials should be unsealed. ███████████████████████████████████████████
███████████████████████████████████████████

███ However, in the other relevant cases, Nos. 25-sw-00173-TPO, 25-sw-00176-

TPO, and 25-sw-00176-TPO, the investigations have concluded, and the United States anticipates only seeking to maintain limited redactions of such Warrant Materials.

Dated: May 27, 2025				Respectfully submitted,

						J. BISHOP GREWELL
						Acting United States Attorney

						*s/ Logan P. Brown*
						Logan P. Brown
						Assistant United States Attorney
						1801 California Street, Suite 1600
						Denver, Colorado 80202
						Telephone: (303) 454-0100
						Fax: (303) 454-0407
						Logan.Brown@usdoj.gov

						Counsel for the United States